the 29th of June, 1903, the plaintiff boarded a car running north on Amsterdam avenue, paid his fare, and asked for a transfer to enable him to ride to a point on the 125th Street Railroad, which had been leased to the Metropolitan Street Railway Company by the Third Avenue Railroad Company, both of these lines being operated by the defendant, which request was refused. And plaintiff asked to recover the penalty provided for a violation of the section. The lease of the Third Avenue Railroad Company to the Metropolitan Street Railway Company was introduced in evidence. It recites that the parties are street surface railroad companies organized and existing under the laws of the state of New York, and that the lessor, the Third Avenue Railroad Company, owns and operates certain street surface railroads and railroad routes in the city of New York, which include the road on 125th street, and owns certain parcels of land in the city, and stock in certain other street surface railroad companies, and leases to the Metropolitan Street Railway Company "all the railroads of the party of the first part" thereinbefore mentioned, for 999 years, the lessee paying certain specified rent therefor, "to be used, maintained, and operated by the party of the second part in accordance with the requirements of the charters and subject to the conditions of the grant to the party of the first part." This lease only affects the railroads owned and operated by the Third Avenue Railroad Company, leased to the Metropolitan Street Railway Company. The lines before leased to or operated by the Metropolitan Company were not referred to or in any way affected by this lease, and neither the lease nor the obligations assumed by either of the parties thereto was at all affected by the ownership or interest of the Metropolitan Company in any other street railroad. The only "railroads or portions thereof embraced in such contracts" were the lines of the Third Avenue Railroad Company, which were leased to the Metropolitan Company; and as the statute only requires the parties to the contract to give to a passenger a transfer "entitling such passenger to one continuous trip to any point or portion of any railroad embraced in such contract," it had no application to a line of railroad, although operated by a party to the contract, which was not as a fact embraced in the contract. The words "railroad or portions thereof" cannot, in my opinion, apply to all lines of railroad operated by either party to the contract which are not "embraced in the contract." It does not appear in the record when the Metropolitan Street Railway Company acquired the right to operate the Amsterdam Avenue line. It certainly cannot be presumed, so as to make the defendant liable for a penalty, that the defendant is operating the Amsterdam Avenue line under a lease or contract made after May 1, 1891. I think the determination should be reversed, with costs, and the complaint dismissed.

VAN BRUNT, P. J., also dissents.

---

SEGER et al., Respondents, v. GRUND, Appellant. (Supreme Court, Appellate Division, First Department. June 24, 1904.) Action by George A. Seger and another against Ernst Grund. T. Baumeister, for appellant. M. Kamber, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

---

In re SEMPER. (Supreme Court, Appellate Division, Fourth Department. May, 1904.) In the matter of the application of William J. Semper, of the village of Brownville, N. Y., for a writ of certiorari to review the determination of an inferior tribunal, namely, the board of supervisors of Jefferson county. No opinion. Writ dismissed, with $25 costs and disbursements.

---

SHEPARD v. SHEPARD. (Supreme Court, Appellate Division, First Department. June 24, 1904.) Action by Henry B. Shepard against Florence A. Shepard.

PER CURIAM. Motion denied.

---

SHEPARD, Respondent, v. SHEPARD, Appellant. (Supreme Court, Appellate Division, First Department. June 29, 1904.) Action by Henry E. Shepard against Florence A. Shepard. G. A. Stearns, for appellant. A. I. Sire, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

In re SILVERMAN. (Supreme Court, Appellate Division, First Department. June 24, 1904.) In the matter of Clementine W. Silverman. J. C. Weschler, for appellant. H. Salant, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

SIPPERLY, Respondent, v. SCHENECTADY RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. June 30, 1904.) Action by Ellis N. Sipperly against the Schenectady Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

---

SLATER, Appellant, v. SMADBECK et al., Respondents. (Supreme Court, Appellate Division, Second Department. July 28, 1904.) Action by Thomas Slater against Louis Smadbeck, Jennie Smadbeck, the Brentwood Plaza Company, and Donata Marconie.

PER CURIAM. Interlocutory judgment affirmed, with costs.

HOOKER, J., dissents.

---

SMITH v. CAYUGA LAKE CEMENT CO. (Supreme Court, Appellate Division, Third Department. September 20, 1904.) Action by Fannie J. Smith against the Cayuga Lake Cement Company. No opinion. Appeal dismissed.

---

SMITH, Respondent, v. KING et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 24, 1904.) Action by Nicholas Smith, an infant, against Jose Berre King and another. No opinion. Motion for leave to appeal to Court of Appeals denied.

---

SMITH, Appellant, v. SMITH, Respondent. (Supreme Court, Appellate Division, Second